IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARC SARDELLA-LAGOMARSINO,

    Petitioner,                    No. 2:12-cv-0882 GEB KJN P

  vs.

GARY SWARTHOUT, Warden, et al.,

    Respondents.              ORDER

_____/

        In this habeas corpus action, filed pursuant to 28 U.S.C. § 2254, petitioner challenges the February 11, 2010 decision of the Board of Prison Terms ("BPT" or "Board"), denying petitioner parole. Respondent has filed a motion to dismiss that is now fully briefed and pending for decision. In opposition to respondent's motion, petitioner stipulates, in part,[1] to the dismissal of his second claim because "that claim is currently before this court in another matter" (citing Case No. 2:12-cv-1886, petitioner's second-filed habeas corpus action). (Dkt. No. 13 at 2.) For the reasons explained herein (and in Case No. 2:12-cv-1886), petitioner may not "dismiss" his second claim in this action in order to pursue it in a newly-filed habeas action.

////

---

[1] Petitioner also stipulates to the dismissal of his first and fourth claims. (See Dkt. No. 13 at 2.)

1

Petitioner asserts six claims in the present case, which challenge the Board's February 11, 2010 decision denying petitioner parole.[2] Petitioner asserts two claims in his second-filed habeas corpus action: the first claim also challenges the Board's February 11, 2010 decision denying petitioner parole; the second claim challenges the Board's September 23, 2011 denial of petitioner's request to convene an "advanced" parole hearing. (See Petition (Dkt. No. 1) in Case No. 2:12-cv-1886.)

A petitioner may not proceed with two different habeas actions challenging the same parole decision. If a prior habeas petition is pending when a subsequent habeas petition is filed, challenging the same decision, the court is required to construe the subsequent petition as a motion to amend the first petition. See Woods v. Carey, 525 F.3d 886, 888-90 (9th Cir. 2008). For these reasons, the court construed petitioner's first claim in Case No. 2:12-cv-1886, as a motion to amend his second claim in the present action, and therefore dismissed the claim. (The court permitted Case No. 2:12-cv-1886 to proceed on petitioner's second claim, challenging the Board's September 23, 2011 denial of petitioner's request to convene an "advanced" parole hearing.) The court directed the Clerk of Court to file, in the present action, a copy of the petition filed in Case No. 2:12-cv-1886, designated herein as a "motion to amend."

It is not clear that petitioner is entitled to amend his original petition in the present action. Even if petitioner recently exhausted his state court remedies on a new theory to a previously-filed claim, this does not necessarily entitle petitioner to amend his original claim. Petitioner never sought to stay the instant petition pending exhaustion of his state court remedies

---

[2] In the present action, petitioner raises six claims: (1) ex post facto challenge to California's "Marsy's Law," the authority for the Board's three-year deferral; (2) due process challenge to Board's reliance on a 2009 psychological evaluation of petitioner; (3) due process challenge based on Board's alleged refusal to consider all relevant and reliable evidence supporting petitioner's suitability for parole; (4) due process challenge to sufficiency of evidence underlying Board's finding that petitioner poses an unreasonable risk to public safety; (5) due process challenge premised on Board's refusal to abide by a prison administrative decision granting petitioner's administrative appeal; and (6) due process challenge premised on alleged failure to the California Department of Corrections and Rehabilitation ("CDCR") to provide the Board with all relevant and reliable evidence in support of petitioner's parole suitability.

on an unexhausted claim.  Cf. Rhines v. Weber, 544 U.S. 269, 277 (2005) ("a stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court").  Moreover, respondent moves to dismiss the original petition, now fully briefed and submitted for decision, on the ground that it was filed after expiration of the statute of limitations.

For these reasons, petitioner will be given the opportunity to file a prepared motion to amend Claim 2 of the instant petition.  Petitioner should clarify the substance of this claim, both as originally presented, and as he seeks to amend it; he should identify, with supporting documentation and clearly-identified dates, the exhaustion of this claim in the state courts; and petitioner should identify the legal principles that authorize amendment of the claim at this time.  The court will make its determination after this matter is fully briefed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall, within twenty-one days after the filing date of this order, file and serve an amended motion to amend Claim 2 in the present action, addressing each of the matters noted above.

2. Respondent shall file and serve a response within twenty-one days after service of petitioner's amended motion.

3. Petitioner may file and serve a reply within fourteen days after service of the response.

4. Failure of petitioner to timely file an amended motion to amend shall be construed as a request to vacate the requested amendment, in which case the court will rely on petitioner's stipulated dismissal of Claim 2.

DATED:  October 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sard0882.mtn.amd