1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARC SARDELLA-LAGOMARSINO,

11          Petitioner,                          No. 2:12-cv-0882 GEB KJN P

12       vs.

13   GARY SWARTHOUT, Warden, et al.,             ORDER and

14          Respondents.                         FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17          Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254, based on challenges to the February 11, 2010 decision of

19   the Board of Prison Terms ("Board or "BPT"), denying petitioner parole.[1]  Also pending is

20   petitioner's motion to amend the petition.  Respondent moves to dismiss the petition without

21   leave to amend, on the ground that the petition was untimely filed.  For the reasons set forth

22   below, the undersigned recommends that the court grant respondent's motion to dismiss the

23   petition without leave to amend.

24

   _____

25          [1]  In a separate federal habeas action, petitioner challenges the Board's September 23,
     2011 decision denying petitioner's request to convene an advanced parole hearing.  (Case No.
26   2:12-cv-1866 GEB KJN P.)

                                                1

1    The court previously summarized the procedural posture of this case (and

2    petitioner's separately pending case (see n.1, supra)), as follows (Dkt. No. 17):

3           In this habeas corpus action, filed pursuant to 28 U.S.C. § 2254,
            petitioner challenges the February 11, 2010 decision of the Board
4           of Prison Terms [], denying petitioner parole.  Respondent has filed
            a motion to dismiss that is now fully briefed and pending for
5           decision.  In opposition to respondent's motion, petitioner
            stipulates, in part,[2] to the dismissal of his second claim because
6           "that claim is currently before this court in another matter" (citing
            Case No. 2:12-cv-1866, petitioner's second-filed habeas corpus
7           action).  (Dkt. No. 13 at 2.)  For the reasons explained herein (and
            in Case No. 2:12-cv-1866), petitioner may not "dismiss" his
8           second claim in this action in order to pursue it in a newly-filed
            habeas action.

9
            Petitioner asserts six claims in the present case, which challenge
10          the Board's February 11, 2010 decision denying petitioner parole.[3]
            Petitioner asserts two claims in his second-filed habeas corpus
11          action: the first claim also challenges the Board's February 11,
            2010 decision denying petitioner parole; the second claim
12          challenges the Board's September 23, 2011 denial of petitioner's
            request to convene an "advanced" parole hearing.  (See Petition
13          (Dkt. No. 1) in Case No. 2:12-cv-1866.)

14          A petitioner may not proceed with two different habeas actions
            challenging the same parole decision.  If a prior habeas petition is
15          pending when a subsequent habeas petition is filed, challenging the
            same decision, the court is required to construe the subsequent
16          petition as a motion to amend the first petition.  See Woods v.
            Carey, 525 F.3d 886, 888-90 (9th Cir. 2008). For these reasons, the
17          court construed petitioner's first claim in Case No. 2:12-cv-1866,
            as a motion to amend his second claim in the present action, and
18          therefore dismissed the claim.  (The court permitted Case No.

19

20          [2] Petitioner also stipulates to the dismissal of his first and fourth claims.  (See Dkt. No.
     13at 2.)  [Fn. in quoted text.]

21          [3] In the present action, petitioner raise[d] six claims: (1) ex post facto challenge to
     California's "Marsy's Law," the authority for the Board's three-year deferral; (2) due process
22   challenge to Board's reliance on a 2009 psychological evaluation of petitioner; (3) due process
     challenge based on Board's alleged refusal to consider all relevant and reliable evidence
23   supporting petitioner's suitability for parole; (4) due process challenge to sufficiency of evidence
     underlying Board's finding that petitioner poses an unreasonable risk to public safety; (5) due
24   process challenge premised on Board's refusal to abide by a prison administrative decision
     granting petitioner's administrative appeal; and (6) due process challenge premised on alleged
25   failure of the California Department of Corrections and Rehabilitation ("CDCR") to provide the
     Board with all relevant and reliable evidence in support of petitioner's parole suitability.  [Fn. in
26   quoted text.]

1    2:12-cv-1866 to proceed on petitioner's second claim, challenging
     the Board's September 23, 2011 denial of petitioner's request to
2    convene an "advanced" parole hearing.)  The court directed the
     Clerk of Court to file, in the present action, a copy of the petition
3    filed in Case No. 2:12-cv-1866, designated herein as a "motion to
     amend."
4
     It is not clear that petitioner is entitled to amend his original
5    petition in the present action.  Even if petitioner recently exhausted
     his state court remedies on a new theory to a previously-filed
6    claim, this does not necessarily entitle petitioner to amend his
     original claim.  Petitioner never sought to stay the instant petition
7    pending exhaustion of his state court remedies on an unexhausted
     claim.  Cf. Rhines v. Weber, 544 U.S. 269, 277 (2005) ("a
8    stay-and-abeyance is only appropriate when the district court
     determines there was good cause for the petitioner's failure to
9    exhaust his claims first in state court").  Moreover, respondent
     moves to dismiss the original petition, now fully briefed and
10   submitted for decision, on the ground that it was filed after
     expiration of the statute of limitations.
11
     For these reasons, petitioner will be given the opportunity to file a
12   prepared motion to amend Claim 2 of the instant petition.
     Petitioner should clarify the substance of this claim, both as
13   originally presented, and as he seeks to amend it; he should
     identify, with supporting documentation and clearly-identified
14   dates, the exhaustion of this claim in the state courts; and petitioner
     should identify the legal principles that authorize amendment of
15   the claim at this time.  The court will make its determination after
     this matter is fully briefed.

16

17        In response to the above-quoted order, petitioner filed a motion to amend his

18   second claim in the instant petition; respondent filed an opposition, and petitioner filed a reply.

19   (Dkt. Nos. 18-9, 24.)  These matters are addressed herein, together with respondent's motion to

20   dismiss the original petition, petitioner's opposition thereto, and respondent's reply.[4]  (Dkt. Nos.

21   12-4.)

22   ////

23   ////

24   _____

25        [4]  Petitioner's motion (Dkt. No. 15), to strike respondent's reply (Dkt. No. 14), as
     "superfluous," "redundant" and "an obvious attempt to 'get the last word,'" is denied.  The Local
     Rules of this court expressly authorize the filing of reply briefs, see Local Rule 230(l); moreover,
26   petitioner's objections lack substance.

1    II.   Statute of Limitations

2          A.   Legal Standards

3          The pertinent statute of limitations for habeas petitions challenging the denial of

4    parole is contained in 28 U.S.C. § 2244(d)(1)(D), which establishes a period of one year after

5    "the date on which the factual predicate of the claim or claims could have been discovered

6    through the exercise of due diligence."[5]   Pursuant to this statute, a federal habeas petition must be

7    filed within one year after the Board decision denying parole becomes final,[6] i.e., the "factual

8    predicate" commencing the one-year limitation period.  See Mardesich v. Cate, 668 F.3d 1164,

9    1171-72 (9th Cir. 2012); Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004); Redd v.

10   McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003); see also Tafoya v. Subia, 2010 WL 668920, *2-3

11   (E.D. Cal. 2010); Truong v. Hartley, 2011 WL 104737, * 2-3 (E.D. Cal. 2011); Nguyen v. Hill,

12   2013 WL 310566, *1 (E.D. Cal. 2013) (collecting cases).

13         This one-year limitation period is statutorily tolled from the filing date of the first

14   state habeas petition until the California Supreme Court rejects the final collateral challenge.

15   Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), implied overruling on other grounds, as

16   _____

17         [5]  The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides in
     pertinent part:
18
19              A 1-year period of limitation shall apply to an
                application for a writ of habeas corpus by a person
20              in custody pursuant to the judgment of a State court.
                The limitation period shall run from the latest of –

21              . . . (D) the date on which the factual predicate of
                the claim or claims presented could have been
22              discovered through the exercise of due diligence.

23   28 U.S.C. § 2244(d)(1)(D).  Although the statute provides other means for assessing the
     commencement of the limitation period, 28 U.S.C. § 2244(d)(1), none are pertinent here.
24
         [6]  Prior to May 1, 2004, prisoners could contest the Board's adverse parole decision by
25   filing an administrative appeal.  Cf. Cal. Code Regs. tit. 15, §§ 2050 et seq. (2003), and id.
     (2004).  Now, an initial parole hearing decision is considered provisional or "proposed" for a
26   period of 120 days, at which point it becomes final.  See id., § 2041; Cal. Pen. Code § 3041(b).

1    recognized by <u>Nedds v. Calderon</u>, 678 F.3d 777, 781-2 (9th Cir. 2012); <u>see</u> 28 U.S.C.§

2    2244(d)(2) (period tolled during the pendency of a "properly filed application for State

3    post-conviction or other collateral review with respect to the pertinent judgment or claim").

4    Moreover, "[t]he period between a California lower court's denial of review and the filing of an

5    original petition in a higher court is tolled -- because it is part of a single round of habeas relief --

6    so long as the filing is timely under California law." <u>Banjo v. Ayers</u>, 614 F.3d 964, 968 (9th Cir.

7    2010).

8            B.   Chronology

9                 In the instant case, petitioner filed two "rounds" of state habeas petitions.  The

10   relevant chronology is as follows:

11                 1.  On June 11, 2010, the Board's February 11, 2010 decision denying petitioner

12   parole became final.  (<u>See</u> Respondent's Exhibit ("Rsp. Exh.") No. 1 (Board Decision), Dkt. No.

13   12-5 at 5.)[7]

14                 2.  On July 23, 2010,[8] petitioner initiated his first round of state habeas petitions

15   by filing a petition for writ of habeas corpus in the San Luis Obispo County Superior Court.  (<u>Id.</u>,

16   Dkt. No. 12-1 at 24-49, plus exhibits.)  The petition alleged that the Board's decision was

17   unsupported by relevant, reliable evidence that petitioner posed an unreasonable risk to public

18   safety; improperly relied on an allegedly unreliable 2009 psychological evaluation of petitioner;

19   relied on an allegedly incomplete Board packet that was missing relevant documents; and

20   violated petitioner's ex post facto rights.

21   ////

22

23          [7]  Citations to the record reflect the court's electronic pagination, not the internal
     pagination of the cited documents.
24

25          [8]  Where appropriate, petitioner has been accorded the benefit of the "mailbox rule."  <u>See</u>
     Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts (filing date
     is date of deposit in institution's internal mailing system); <u>see</u> <u>also</u> <u>Campbell v. Henry</u>, 614 F.3d
26   1056, 1059 (9th Cir. 2010) ("[t]he mailbox rule applies to federal and state petitions alike").

3.  On August 17, 2010, the superior court denied the petition in a written decision.  (Rsp. Exh. No. 2, Dkt. No. 12-6 at 1-4; <u>see also</u> Dkt. No. 12-10 at 61-4.)

4.  On August 25, 2010, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Second Appellate District, raising the same claims made in his superior court petition.  (Rsp. Exh. No. 3, Dkt. No. 12-7 at 1-34, plus exhibits.)

5.  On September 7, 2010, the Court of Appeal summarily denied the petition.  (Rsp. Exh. No. 4, Dkt. No. 12-11 at 1-2.)

6.  On September 14, 2010, petitioner filed a petition for review in the California Supreme Court, raising the same issues asserted in the superior and appellate courts.  (Rsp. Exh. No. 5, Dkt. No. 12-12 at 1-31.)

7.  On November 17, 2010, the California Supreme Court summarily denied review.  (Rsp. Exh. No. 6, Dkt. No. 12-13 at 1-2.)

8.  On November 23, 2010, petitioner commenced his second round of state habeas petitions, filing a petition for writ of habeas corpus in the Solano County Superior Court, alleging that the packet of documents before the Board on February 11, 2010 (hereafter "Board packet"), was incomplete.  (Rsp. Exh. No. 7, Dkt. No. 12-14 at 1-22, plus exhibits.)

9.  On January 21, 2011, the superior court denied the petition in a written decision.  (Rsp. Exh. No. 8, Dkt. No. 12-16 at 1-5.)

10.  On January 26, 2011, petitioner raised the same allegations in a petition for writ of habeas corpus filed in the California Court of Appeal, First Appellate District.  (Rsp. Exh. No. 9, Dkt. No. 12-17 at 1-24, plus exhibits.)

11.  On April 6, 2011, the Court of Appeal summarily denied the petition.  (Rsp. Exh. No. 10, Dkt. No. 12-19 at 1-2.)

12.  On April 28, 2011, petitioner filed a petition for review in the California Supreme Court, raising the same allegations asserted in the superior and appellate courts.  (Rsp. Exh. No. 11, Dkt. No. 12-20 at 1-26, plus exhibits.)

1          13.  On November 22, 2011, the California Supreme Court summarily denied

2    review, citing In re Clark (1993) 5 Cal. 4th 750, 767-69.  (Rsp. Exh. No. 12, Dkt. No. 12-22 at

3    4.)

4          14.  On April 5, 2012, petitioner filed the instant federal habeas petition.

5          Pursuant to this chronology, the one-year limitation period began on June 12,

6    2010, the day after the challenged Board decision became final.  Absent any tolling, petitioner

7    had until June 12, 2011, to file the instant petition.

8        C.  Statutory Tolling

9            1.  First Round of State Habeas Petitions

10         Respondent concedes that petitioner is entitled to statutory tolling for the period

11   commencing with the July 23, 2010 filing of petitioner's first superior court petition (on the

12   forty-first day of the limitation period), until the California Supreme Court denied review on

13   petitioner's first round of petitions, 117 days later, on November 17, 2010.  28 U.S.C. §

14   2244(d)(2).

15         Thus, as of November 17, 2010, and absent further tolling, petitioner had an

16   additional 117 days to file a federal habeas petition, or until October 7, 2011 (rather than the

17   original deadline of June 12, 2011).

18           2.  Second Round of State Habeas Petitions

19         Respondent contends that petitioner is not entitled to statutory tolling based on his

20   second round of state habeas petitions.  Respondent asserts that the allegations raised in

21   petitioner's second round of petitions duplicated claims asserted in petitioner's first round, thus

22   rendering petitioner's second round "successive," as implicitly found by the California Supreme

23   Court when it summarily denied review with a citation to In re Clark, 5 Cal. 4th at 767-69.

24         Petitioner vigorously defends his position that his second set of habeas petitions

25   was "not a second round [because they were filed] . . . in response to an administrative appeal

26   and not the Board hearing."  (Dkt. No. 15 at 1.)  Petitioner explains that his second set of

1    petitions asserts a violation of due process premised on the alleged failure of the California

2    Department of Corrections and Rehabilitation ("CDCR"), and California State Prison-Solano

3    ("CSP-SOL"), to provide the Board with specific and allegedly persuasive evidence supporting a

4    grant of parole to petitioner pursuant to the Board's February 11, 2010 hearing.  (See generally

5    Dkt. No. 13.)

6              The facts underlying petitioner's argument are as follows.  In a preliminary,

7    unexhausted administrative appeal filed on February 9, 2009, in anticipation of a March 2009

8    parole hearing, petitioner challenged the absence of information[9] from the "Board packet," a copy

9    of which was submitted to petitioner for his pre-hearing review.  (See Dkt. No. 12-17 at 26.)  The

10   grievance was denied at the First Level.  (Id. at 27.)  Pursuant to his interview at the Second

11   Level, by Correctional Case Records Supervisor C. McLemore, petitioner stated that the

12   following documents were missing from his Board packet (also called a "BPH Lifer Packet"):  "a

13   CDC 128 B, Informational Chrono dated July 18, 2007; CDC 101, Work Supervisor's Report;

14   CDCR 7230 MH, Interdisciplinary Progress Notes based on therapy; school transcripts; and a

15   declaration from Donel Hardy (a victim of the crime for which petitioner was convicted) dated

16   January 27, 2009."  (Id.)  On September 2, 2009, the grievance was "partially granted" at the

17   Second Level, pursuant to the decision to include some of the requested information in

18   petitioner's "lifer packet."  (Id. at 27-8.)  The Second Level decision authorized the inclusion of

19   the requested CDC 128 B Informational Chrono dated July 18, 2007 (noting that this chrono "is

20   in reference to a CDC 128-A"); and the January 27, 2009 declaration of Donel Hardy.  The

21   decision denied inclusion of the CDC 101 (Work Supervisor's Report), on the ground that such

22   matters are not generally part of the "lifer packet;" and denied inclusion of the CDCR 7230

23   Interdisciplinary Progress Notes, on the ground that it is "Confidential Client/Patient Information

24   and is not part of the Central File or the lifer packet."  (Id. at 28.)  Petitioner did not further

25

26        [9]  Petitioner then stated that the missing items "included" "[d]isciplinary disposition
     (128B), education materials, court documents, and self-help records."  (Dkt. No. 12-17 at 26.)

1   pursue this appeal.

2          Thereafter, on January 14, 2010, petitioner filed a second, ultimately exhausted

3   administrative appeal in anticipation of the underlying February 11, 2010 parole hearing.

4   Without identifying specific items, petitioner asserted that "the packet is once again incomplete

5   and lacks all the information that they previously said they would include (see Attached previous

6   appeal for specifics)." (Id. at 31.)  On February 2, 2010, pursuant to "partially granting" the

7   appeal at the First Level, petitioner's July 18, 2007 CDC 128 B Informational Chrono, and the

8   January 27, 2009 declaration of Donel Hardy were "faxed to appellant's attorney, Bill Prahl, and

9   Kimberly Hanson, attorney for San Luis Obispo County, to have before the hearing scheduled for

10  February 11, 2010." (Id. at 33.)  On the day of the February 11, 2010 hearing, these items were

11  included in a "ten-day hearing packet (Supplemental packet) [] made for the Lifer hearing and []

12  sent to the Lifer hearing . . . ." (Id.)  Thereafter, on April 22, 2010, this appeal was "partially

13  granted" at the Second Level, which "concurred" with the First Level decision on the ground that

14  "the required CDC 128-B and the Declaration of Donel Hardy was (sic) faxed to the appellant's

15  attorney and . . . included in the Packet the commissioner received prior to the hearing." (Id. at

16  34.)  This appeal was denied at the Director's Level, on August 10, 2010, on the ground that "[i]t

17  is apparent that the requested documents were [timely] prepared and made available" to the

18  commissioners, petitioner's attorney and the attorney for San Luis Obispo County; fax

19  confirmation receipts were placed in petitioner's central file. (Id. at 36.)  The Director's decision

20  further noted that, "[i]f the commissioner did not review the documents that the appellant is

21  referring to, the appellant and his attorney had copies of these documents and the ability to

22  present them at the hearing." (Id.)

23          On November 23, 2010, petitioner commenced his second round of state habeas

24  petitions by filing, in the Solano County Superior Court, a challenge to the content of the

25  February 11, 2010 "Board packet," based on two claims:  that CDCR and CSP-SOL (1) "refused

26  to adhere to a previous grant of an administrative appeal;" and (2) "refused to supply the Board

9

1    of Parole Hearings with all relevant information at his parole suitability hearing." (Dkt. No. 12-

2    14 at 13.)   In an effort to distinguish this superior court petition from his prior petition, petitioner

3    explained that he was "not challenging the BPH denial of parole in this petition as that is being

4    challenged at another venue.  It is only the 602's grant and the subsequent 602 for failure to

5    adhere/supply documents that Petitioner challenges herein." (Dkt. No. 12-14 at 12 (original

6    emphasis).)

7          The petition was denied on the merits by the superior court, summarily denied by

8    the Court of Appeal, and denied with a citation to Clark by the California Supreme Court.  Clark

9    authorizes the California Supreme Court to summarily deny a petition for a writ of habeas corpus

10    because it is successive or untimely.  Clark, 5 Cal. 4th at 765 n.5.  Either finding renders a

11    petition improperly filed for statutory tolling purposes.  See Goodridge v. Subias, 2010 WL

12    1286870 at * 4 (E.D. Cal. 2010); Gonzalez v. Runnels, 2008 WL 80744 at * 4 (E.D. Cal. 2008)

13    ("[U]nder Pace, whether the state supreme court meant to indicate that the petition was untimely

14    or successive would essentially be a distinction without a difference in the context of statutory

15    untimeliness under AEDPA"); Delander v. Hubbard, 2008 WL 2622856 at * 6 (S.D. Cal. 2008)

16    ("This citation [to Clark] demonstrates that the court is denying the petition because it is either

17    successive or untimely ... California rules provide that a successive petition is by necessity a

18    delayed petition.")  see also In re Robbins (1998) 18 Cal. 4th 770, 780; In re Gallego (1998) 18

19    Cal. 4th 825, 833.

20          Under California law, "[i]t has long been the rule that absent a change in the

21    applicable law or the facts, the [state] court[s] will not consider repeated applications for habeas

22    corpus presenting claims previously rejected." Clark, 5 Cal. 4th at 767.  "The court has also

23    refused to consider newly presented grounds for relief which were known to the petitioner at the

24    time of a prior collateral attack on the judgment." Id. at 767-68.  Thus, Clark precludes, as

25    successive, both "repeated applications for habeas corpus presenting claims previously rejected,"

26    and "newly presented grounds for relief which were known to the petitioner at the time of a prior

1    collateral attack on the judgment." <u>Clark</u>, 5 Cal.4th at 767-68. The judicial remedy is denial of

2    the petition without addressing the merits of any claims. <u>In re Reno</u> (2012) 55 Cal. 4th 428, 511,

3    citing <u>Clark</u>, 5 Cal. 4th at 799.

4        D. Successive Round of State Petitions

5        It is clear that the California Supreme Court's citation to <u>Clark</u> was based on a

6    finding that petitioner's second round of state habeas petitions was substantively "successive;"

7    the petition would otherwise have been timely filed in the superior court within the extended

8    limitation period (second superior court petition filed on November 23, 2010, before expiration

9    of the extended October 7, 2011 limitation deadline pursuant to petitioner's first round of state

10   petitions).

11       The undersigned's review of the petitions underscores the successive nature of

12   petitioner's second round. Petitioner's second round of petitions was premised on two related

13   due process claims: the refusal of CDCR and CSP-SOL to (1) "adhere to a previous grant of an

14   administrative appeal;" and (2) "to supply the Board of Parole Hearings with all relevant

15   information at his parole suitability hearing." (Dkt. No. 12-14 at 13.) Pursuant to his first claim

16   ("refusal to adhere"), petitioner alleged that the following items were not supplied to the Board

17   for petitioner's February 11, 2010 hearing, despite their administratively-ordered inclusion: the

18   Hardy declaration; the CDC 128B Chrono; and "the 'blue packet' that Petitioner had prepared for

19   his hearing and included work reports and one-on-one therapy notes [] termed 'Interdisciplinary

20   Notes'. . . ." (<u>Id.</u> at 16.) (The court notes, however, that the inclusion of only the first two items

21   was administratively ordered.) Pursuant to his second claim ("refusal to supply"), petitioner

22   alleged that, despite his attempt to provide the Board with the subject Interdisciplinary Notes,

23   they were improperly excluded at the hearing on confidentiality grounds (despite the express

24   exclusion of these records on the same ground pursuant to petitioner's administrative appeal).

25   (<u>Id.</u> at 11; <u>see also</u> Feb. 11, 2010, BPT Transcript, at 36-8).

26   ////

1          Both of these claims were previously asserted, with some variation, in petitioner's

2    first round of petitions.  In Claim 3 (also designated Claim "C") of his first superior court

3    petition, petitioner alleged a due process violation based on the Board's alleged refusal to

4    consider "all relevant and reliable evidence" supporting petitioner's suitability for parole,

5    premised on the alleged exclusion of the Hardy declaration, and the exclusion of "the notes and

6    comments of the psychologists who have spent numerous hours personally interacting and

7    assessing Petitioner['s] mental state" (i.e. Interdisciplinary Progress Notes).  (Dkt. No. 12-1 at

8    30, 39-40; see also id. at 28-9.)  The first petition does not reference the CDC 128B Chrono.

9          More importantly, petitioner was equally aware, when he filed his first superior

10   court petition on July 23, 2010, of all the materials before (and not before) the Board at the

11   February 11, 2010 hearing.  Because there was no change in the law or facts, the California

12   Supreme Court's November 17, 2010 rejection of petitioner's initial challenge to these matters

13   precluded their further consideration pursuant to petitioner's second round.  See Clark, 5 Cal.

14   4th at 767 (court is precluded from "consider[ing] repeated applications for habeas corpus

15   presenting claims previously rejected").  Moreover, to the extent petitioner added a new claim to

16   his second round of petitions (absence of the CDC 128B Chrono), the court was precluded from

17   considering it as a  "newly presented ground[] for relief . . . known to the petitioner at the time of

18   a prior collateral attack on the judgment."  Id. at 767-68.

19          Petitioner vigorously maintains that his second round of state petitions are not

20   successive because they don't directly challenge the Board's February 11, 2010 parole denial, but

21   assert a denial of due process at the hearing due to the alleged failure of CDCR and CSP-SOL

22   officials to provide a full record.  This attempted distinction is unpersuasive -- both rounds of

23   petitions challenged the Board's February 11, 2010 decision denying parole, and both sought a

24   writ of habeas corpus directing petitioner's release on parole.  In addition, petitioner's implicit

25   effort to rely on the administrative exhaustion of his second inmate appeal as the trigger date for

26   filing his second petition is unavailing.  The "factual predicate" for filing a federal habeas action

1   challenging a parole denial is the date the parole decision becomes final.  <u>Mardesich</u>, 668 F.3d at

2   1171-72.  The requirement that state remedies be exhausted prior to filing a federal habeas

3   petition applies to state judicial remedies, not administrative remedies.  28 U.S.C. § 2254(b)(1);

4   <u>Redd</u>, 343 F. 3d at 1083.

5                  For these reasons, the undersigned finds that the claims presented in petitioner's

6   second round of state court habeas petitions were successive.

7          E.  <u>Untimely Federal Petition</u>

8                  Due to the successive nature of petitioner's second round of state habeas petitions,

9   he is not entitled to statutory tolling for the period of time during which these petitions were

10  pending.  28 U.S.C. § 2244(d)(2) (only properly filed applications for state post-conviction or

11  other collateral review may toll the statute of limitations).  In the absence of statutory tolling

12  based on petitioner's second round of state petitions, petitioner's filing of the instant federal

13  habeas petition was untimely.  The one-year limitation period for filing a federal petition, tolled

14  only by petitioner's first round of state petitions, expired on October 7, 2011; petitioner filed the

15  instant federal habeas petition more than five months later, on April 5, 2012.

16  III.  <u>Motion to Amend</u>

17                  Remaining for decision by this court is petitioner's motion to amend his second

18  claim.[10]

19  _____

20      [10]  As framed in his original federal petition, petitioner's second claim asserts that his
    2009 psychological evaluation by forensic psychologist Dr. Lehrer was an unreliable risk
    assessment tool and, therefore, reliance upon the evaluation by the Board, as well as the superior
21  court in denying petitioner's initial state habeas petition, violated petitioner's due process rights.
    (Dkt. No. 1 at 6, 14-6.)  Petitioner moves to amend this claim to incorporate a more thorough
22  psychometric analysis of the underlying tests, and to rely on a November 10, 2010 determination
    by the California Office of Administrative Law ("OAL"), that the Board's psychological
23  evaluation process constitutes an "underground regulation" because, though regulatory in nature
    and practice, it was enacted and implemented outside the parameters of the Administrative
24  Procedure Act.  (Dkt. No. 16 at 8-17; Dkt. No. 181-2; Dkt. No. 19-3 at 22-28.)  Additionally,
    petitioner contends that this claim should be amended to reflect that it is "actually a challenge to
25  the procedures relative to the evidence the Board utilized," rather than a "challenge to
    Petitioner's denial of parole by the Board of Parole Hearing at his 2010 suitability hearing."
26  (Dkt. No. 18 at 1.)

1    An application for a writ of habeas corpus may be amended pursuant to the

2  Federal Rules of Civil Procedure.  See 28 U.S.C. § 2242; Rule 12, Rules Governing § 2254

3  Cases.  This court looks to Rule 15, Federal Rules of Civil Procedure, to address petitioner's

4  motion to amend his habeas petition.  James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001).

5  Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).

6  Factors that may justify denying a motion to amend are "undue delay, bad faith or dilatory motive

7  on the part of the movant, repeated failure to cure deficiencies by amendments previously

8  allowed, undue prejudice to the opposing party by virtue of allowing the amendment, [and]

9  futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Bonin v.

10  Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("bad faith, undue delay, prejudice to the opposing

11  party, futility of the amendment, and whether the party has previously amended his pleadings")

12  (citation omitted).

13    Application of these factors to petitioner's motion to amend demonstrates that

14  amendment would be futile, given the untimely filing of the original petition.  Accordingly,

15  petitioner's motion to amend should be denied.

16  IV.  Conclusion

17    For the foregoing reasons, IT IS HEREBY ORDERED that:

18    1.  Petitioner's motion to strike (Dkt. No. 15) respondent's reply (to petitioner's

19  opposition to respondent's motion to dismiss), is denied.

20    Additionally, IT IS HEREBY RECOMMENDED that:

21    1.  Petitioner's motion to amend (Dkt. No. 18) his federal habeas petition, should

22  be denied.

23    2.  Respondent's motion to dismiss (Dkt. No. 12) this action, should be granted.

24    3.  Petitioner's application for a writ of habeas corpus, pursuant to 28 U.S.C. §

25  2254 (Dkt. No. 1), should be dismissed because untimely filed.

26  ////

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6  objections shall be filed and served within fourteen days after service of the objections.  The

7  parties are advised that failure to file objections within the specified time may waive the right to

8  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9    Should petitioner file objections, he may address whether a certificate of

10 appealability should issue in the event petitioner files an appeal of the judgment in this case.  See

11 Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate

12 of appealability when it enters a final order adverse to the applicant).  A certificate of

13 appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial

14 showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

15 DATED:  February 28, 2013

16

17    _____

    KENDALL J. NEWMAN

18    UNITED STATES MAGISTRATE JUDGE

19 sard0882.mtd.mtamd.hc

20

21

22

23

24

25

26